People v Jagnandan (2022 NY Slip Op 02880)

People v Jagnandan

2022 NY Slip Op 02880

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Ind No. 3587/14 Appeal No. 15823 Case No. 2021-02940 

[*1]The People of the State of New York, Respondent,
v
Kevin Jagnandan, Defendant-Appellant.

Law Office of Stephen N. Preziosi, P.C., New York (Stephen N. Preziosi of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.

Order, Supreme Court, Bronx County (April A. Newbauer, J.), entered on or about July 14, 2020, denying defendant's CPL 440.10 motion to vacate a judgment rendered June 14, 2017, unanimously affirmed.
After an evidentiary hearing, Supreme Court properly denied defendant's motion, in which he claimed that the attorney who represented him at his trial had a conflict of interest because this attorney and the attorney representing the codefendant were allegedly members of the same de facto law firm. There is no basis for disturbing the court's detailed findings of fact, in which it credited the testimony of both counsel that they were separately incorporated, had separate offices in the same complex, did not share client confidences, carefully kept their finances separate, and in virtually all respects operated independently of each other. Although the attorneys were father and son, and the father paid for some mutual office expenses, the evidence does not warrant the conclusion that they effectively operated as a single firm. Evidence suggesting that that they may have held themselves out as members of the same firm was satisfactorily explained.
Furthermore, defendant did not establish that the alleged conflict operated on the defense (see People v Sanchez, 21 NY3d 216, 223 [2013]; People v Ennis, 11 NY3d 403, 410 [2008]). Facts relating to the trial are set forth in this Court's decision on the defendants' joint appeal (People v Fraser, 162 AD3d 480 [1st Dept 2018], lv denied 32 NY3d 1111 [2018]). The decisions by counsel now challenged by defendant, including the decision not to move for a severance, were strategically reasonable given the trial evidence and allegations of accessorial liability, and there were no indicia that counsel's personal, or alleged professional, relationship with his father caused him to breach his duties to defendant.
Because the evidence establishes that there was no joint representation, in that defendant and the codefendant were represented by counsel who were genuinely separate, there was no need for an inquiry under People v Gomberg (38 NY2d 307 [1975]).
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022